# Exhibit B

| | |
|---|---|
| DISTRICT COURT, COUNTY OF LARIMER, COLORADO<br><br>Court Address:<br>201 La Porte Avenue, Ft. Collins, CO 80521 | DATE FILED<br>January 20, 2026 1:25 PM<br>FILING ID: D191E557E8118<br>CASE NUMBER: 2026CV30060 |
| **Plaintiff:**<br><br>LAIRD DAKOS, an individual, on behalf of himself and all others similarly situated,<br><br>v.<br><br>**Defendants:**<br><br>HF SINCLAIR REFINING & MARKETING, LLC, a Delaware limited liability company, and S & S FUELS, LLC, a Delaware limited liability company. | ☐ **COURT USE ONLY** ☐<br><br>Case Number:<br>Div.: |
| **Attorneys for Plaintiff**<br>Vedra Law LLC<br>Daniel J. Vedra #43596<br>1444 Blake Street<br>Denver, CO 80202<br>303-937-6540 (p)<br>303-937-6547 (f)<br>dan@vedralaw.com | |
| **CLASS ACTION COMPLAINT AND JURY DEMAND** | |

Plaintiff LAIRD DAKOS ("Plaintiff"), individually and on behalf of all others similarly situated, for his Complaint against Defendants HF SINCLAIR REFINING & MARKETING, LLC ("Sinclair") and S & S FUELS, LLC, a Delaware limited liability company ("S&S") (collectively "Defendants"), makes the following allegations on personal knowledge with respect to his own acts, and upon information and belief and the reasonable investigation of counsel as to all other matters:

**NATURE OF THE ACTION**

1. This action arises from Defendants' negligent and unsafe distribution and sale of motor fuel that was represented as unleaded gasoline but was, in fact, contaminated with diesel

fuel, causing widespread engine damage and losses to consumers throughout the State of Colorado.

2. The contamination originated at a supplier terminal operated by Sinclair in Henderson, Colorado. Petroleum marketers estimate that at least 400,000 gallons of fuel were affected. Beginning on or around the afternoon of January 7, 2026, unleaded gasoline contaminated with diesel fuel was loaded into transport vehicles at the Henderson terminal and delivered to various retailers up and down the Front Range, including the 7-Eleven location where Plaintiff filled his car on January 8, 2026.

3. As a result of the purchase of the contaminated fuel, Plaintiff, individually, and on behalf of all similarly situated persons comprising the putative class (the "Class"), suffered significant engine damage to his vehicle.

4. Plaintiff, individually, and on behalf of the Class, alleges claims for breach of the implied warranty of merchantability under the Uniform Commercial Code ("UCC"), strict liability for product defect under Restatement (Second) of Torts § 402A, and common law negligence.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124(1)(a) and (b). Defendants have engaged in a continuous and systematic course of doing business in the State of Colorado. Defendants' breach caused foreseeable harm to Plaintiff in the State of Colorado.

6. Venue is proper in Larimer County pursuant to Colo. R. Civ. P. 98. Defendant Sinclair is a non-resident of the State of Colorado and may be found in Larimer County because its registered agent, United Agent Group Inc., is located in Loveland, Colorado, which is within Larimer County.

**PARTIES**

7. Plaintiff Laird Dakos at all relevant times herein was, and is, a citizen and resident of the State of Colorado.

8. Defendant HF SINCLAIR REFINING & MARKETING, LLC is a Delaware corporation registered to do business in Colorado with its principal place of business located at 2323 Victory Ave, Suite 1400, Dallas, TX 75219. Its registered agent is United Agent Group Inc.,

201 E 4th St, Loveland, CO 80537-5601.

9. Defendant Sinclair deals in the sale of gasoline.

10. Defendant Sinclair holds itself out as having knowledge or skill in the production and/or sale of gasoline.

11. Defendant S&S is a Delaware limited liability company registered to do business in Colorado with its principal place of business located at 7671 Shaffer Parkway, Building H, Littleton, CO 80127. Its registered agent is Jones & Keller, P.C., Attention Brad Hamilton, 1675 Broadway, Floor 26, Denver, CO 80202.

12. Defendant S&S owns a 7-Eleven retail gas station located at 9171 E Arapahoe Road, Greenwood Village, CO 80112, selling Sinclair-branded gasoline to the public.

13. Defendant S&S operates a 7-Eleven retail gas station located at 9171 E Arapahoe Road, Greenwood Village, CO 80112, selling Sinclair-branded gasoline to the public.

14. Defendant S&S deals in the sale of gasoline.

**FACTUAL ALLEGATIONS**

15. Sinclair operates a fuel terminal in Henderson, Colorado.

16. On or around January 7, 2026, a breakdown in fuel quality control and distribution occurred at this terminal, resulting in diesel fuel being loaded into tanks and transport vehicles intended for unleaded regular and plus grade gasoline.

17. This contaminated fuel was subsequently delivered to retailers across the Front Range.

18. By January 12, 2026, the Colorado Division of Oil and Public Safety (the "Division") had received more than 400 complaints from drivers reporting that their vehicles began to sputter, hesitate, misfire, or lose acceleration immediately after fueling.

19. State inspectors have confirmed through field tests the presence of diesel in unleaded gasoline tanks at multiple retail locations throughout the region.

20. Gasoline-powered vehicles are not designed to operate using diesel fuel.

21. Even small amounts of diesel introduced into a gasoline-powered vehicle can foul

spark plugs and disrupt the air-fuel mixture, leading to fuel system damage, catastrophic engine failure, and the need for expensive repairs including tank flushing, fuel injector service, and engine replacement.

22. On or about January 8, 2026, Plaintiff Laird Dakos purchased fuel for his 2025 Hyundai Elantra, which at the time had less than 7,000 miles on the odometer, at the 7-Eleven gas station owned and/or operated by Defendant S&S located at 9171 E Arapahoe Rd, Greenwood Village, CO 80112.

23. Plaintiff purchased $19.86 of regular grade (85 octane) gasoline.

24. After driving, parking, and restarting the vehicle, Plaintiff noticed that his vehicle was not running properly, experiencing stalling and engine malfunction.

25. Plaintiff subsequently had his vehicle inspected by a mechanic at Phil Long Hyundai, who informed Plaintiff that the cause of the engine malfunction was contaminated fuel—specifically gasoline mixed with diesel.

26. The damage resulting from the contaminated fuel included fouled spark plugs, clogged fuel injectors, and damage to the fuel system.

27. Plaintiff was informed that the estimated cost to repair the vehicle is approximately $5,300.00.

28. As a result of the damage, Plaintiff was unable to safely operate his vehicle and incurred a $250.00 towing expense to transport the vehicle for inspection.

29. Plaintiff has suffered a total loss of use of the vehicle, which has directly caused him to miss work and incur lost wages.

30. Plaintiff has incurred charges to rent a vehicle.

**CLASS ACTION ALLEGATIONS**

31. Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed class and subclass defined as follows:

> All persons who resided in Colorado and who suffered mechanical and/or engine damage (including the fuel system) as a result of

  purchasing contaminated fuel produced by Sinclair. The class period is the number of days the contaminated fuel was sold to Colorado consumers. Specifically excluded from the proposed Class are Defendants, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of Defendants, and any Judge who may be assigned to this matter.

(the "Class")

  All persons who resided in Colorado and who suffered mechanical and/or engine damage (including the fuel system) as a result of purchasing contaminated fuel produced by Sinclair and sold by S&S. The class period is the number of days the contaminated fuel was sold to Colorado consumers. Specifically excluded from the proposed Class are Defendants, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of Defendants, and any Judge who may be assigned.

(the "Subclass") (together, the "Classes").

32. The Classes are each so numerous that joinder of all members is impractical. The Division has already recorded over 400 complaints, and the affected fuel volume suggests thousands of motorists are members of the Class.

33. Defendants' conduct toward the Classes raises common questions of law and fact that predominate over any questions affecting only individual members of the Class and Subclass, as the same contaminated fuel was sold to all members.

34. These common questions include:

  A. whether Defendants distributed and/or sold diesel-contaminated gasoline;

  B. whether Defendants were negligent in distributing, handling, and selling fuel;

  C. whether the fuel was merchantable;

  D. whether Defendants breached warranties; and

  E. whether members of the Classes suffered damages as a result of Defendants' actions.

35. Plaintiff's claims are typical of the Classes because they arise from the same course of conduct—the distribution of 400,000 gallons of contaminated fuel—and the same legal theories.

36. Plaintiff will fairly and adequately represent and protect the interests of the Classes

because there is no conflict between the claims of Plaintiff and those of the Classes, and Plaintiff's claims are typical of the claims of each class.

37. Plaintiff has retained attorneys experienced in the prosecution of complex class actions who will ensure that the interests of the Classes are protected.

38. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.

39. Such treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

40. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

41. Members of each class are readily identifiable transaction records. Prosecution of separate actions by individual members of each class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

42. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Classes. Plaintiff envisions no difficulty in the management of this action as a class action.

### FIRST CLAIM FOR RELIEF
(Breach of Implied Warranty of Merchantability – C.R.S. § 4-2-314)

43. Plaintiff, the Class, and the Subclass incorporate by reference all preceding paragraphs.

44. Defendants are "merchants" with respect to the sale of fuel within the meaning of UCC Article 2, as codified in C.R.S. § 4-2-104.

45. The fuel supplied by Sinclair and sold by Retail Defendant constitutes "goods" within the meaning of C.R.S. § 4-2-105.

46. Pursuant to C.R.S. § 4-2-314, a warranty that the fuel shall be merchantable is implied in the contract for its sale.

47. The fuel supplied by Sinclair and sold by Retail Defendant was not merchantable because it:

    A. Does not pass without objection in the trade under the contract description;

    B. Is not of fair average quality within the description;

    C. Is not fit for the ordinary purposes for which such goods are used; and

    D. Does not conform to the promises or affirmations of fact made on the container or label, if any.

48. Specifically, the fuel was contaminated with diesel fuel, rendering it unusable and destructive to gasoline-powered vehicles and engines.

49. By distributing and selling this contaminated fuel, Defendants breached the implied warranty of merchantability.

50. Neither Defendant disclaimed the implied warranty of merchantability.

51. As a direct and proximate result of Defendants' breach of warranty, Plaintiff and the Classes suffered damages, including repair costs, towing fees, lost wages, and loss of use.

## SECOND CLAIM FOR RELIEF
(Strict Liability – Restatement (Second) of Torts § 402A)

52. Plaintiff, the Class, and the Subclass incorporate by reference all preceding paragraphs.

53. Defendants were engaged in the business of producing, distributing, and/or selling gasoline for use and consumption by the public.

54. The contaminated fuel was in a defective condition that was unreasonably dangerous to the property (vehicles) of Plaintiff and the Classes.

55. The fuel reached Plaintiff and the Class without substantial change in the condition in which it was distributed from the Henderson terminal.

56. Under Restatement (Second) of Torts § 402A, Defendants are strictly liable for the

physical harm caused to the property of the users of the defective product, regardless of whether Defendants exercised all possible care.

### THIRD CLAIM FOR RELIEF
(Common Law Negligence)

57. Plaintiff, the Class, and the Subclass incorporate by reference all preceding paragraphs.

58. Defendants had a duty to use reasonable care in refining, distributing, and selling gasoline products to ensure they were not contaminated by substances that could harm vehicles.

59. Defendants breached that duty by failing to implement or follow adequate quality control, testing, and monitoring measures at the Henderson terminal and subsequent points of sale.

60. As a direct and proximate result of Defendants' negligence, Plaintiff and the Class suffered economic losses, including vehicle repairs, towing expenses, lost wages, and loss of use.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for judgment as follows:

1. For an order certifying this action as a class action;
2. For an award of actual and compensatory damages, including repair costs, towing fees, and lost wages;
3. For pre-judgment and post-judgment interest;
4. For costs of suit; and
5. For such other relief as the Court deems just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated January 20, 2026.

**Vedra Law LLC**

/s/ Daniel J. Vedra
Daniel J. Vedra
Attorneys for Laird Dakos